## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

MALLINCKRODT PLC, *et al.*,

                      Reorganized Debtors.[1]

_____

Heather L. Barlow as Trustee of the
MALLINCKRODT GENERAL UNSECURED
CLAIMS TRUST,

                      Plaintiff,

v.

JOSEPH M. DAVIE,

                      Defendant.

Case No. 20-12522-JTD
Chapter 11

Jointly Administered

Adv. Proc. No. 22-50427-JTD

## ANSWER AND AFFIRMATIVE DEFENSES

       Janet Davie ("Davie"), through her undersigned counsel and in her capacity as

the spouse of defendant Joseph M. Davie, who is deceased, hereby answers the

complaint filed on October 4, 2022 (the "Complaint") by the Mallinckrodt Unsecured

Claims Trust, through its Trustee Heather L. Barlow ("Plaintiff"), as successor in

interest to Mallinckrodt PLC (the "Debtor"), as follows:

       1.      Answering paragraph 1, Davie admits that the allegations of the

Complaint arise under sections 547 to 550 of the Bankruptcy Code but denies that any

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

of the alleged transfers are avoidable or recoverable.

2.      Answering paragraph 2, Davie admits that there is a claim asserted in the Complaint which allegedly arises under section 502(d) of the Bankruptcy Code. Davie denies all remaining allegations of paragraph 2.

3.      Answering paragraph 3, Davie admits.

4.      Answering paragraph 4, Davie admits to the principal place of business of the Debtor and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4, and therefore denies same.

5.      Answering paragraph 5, Davie affirmatively asserts that Joseph M. Davie died on February 24, 2022 and therefore denies the allegations contained in paragraph 5 which presume otherwise. Davie admits that amounts remain due and owing to Joseph Davie pursuant to that certain Agreement and Plan of Merger dated August 10, 2016 (the "Merger Agreement") by and among (without limitation) Mallinckrodt Hospital Products Inc. and Stratatech Corporation. Davie denies knowledge of the terms "MNK" and "Stratatech" in this context because neither is defined in the Complaint, and Davie further denies because the allegation does not accurately articulate the parties to and obligations arising out of the Merger Agreement.

6.      Answering paragraph 6, Davie admits.

7.      Answering paragraph 7, Davie admits.

8.      Answering paragraph 8, Davie admits. By way of further response, Davie confirms her consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Local Rules"), to the entry of a final order by the Court in connection with this Adversary Proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9.      Answering paragraph 9, Davie admits.

10.     Answering paragraph 10, Davie admits that the rules and statutes referenced therein related to the relief requested in the Complaint, but Davie denies any liability to the Plaintiff as alleged in the Complaint.

11.     Answering paragraph 11, noting that the term "Debtors" is not defined in the Complaint, Davie admits.

12.     Answering paragraph 12, Davie admits.

13.     Answering paragraph 13, Davie admits upon information and belief.

14.     Answering paragraph 14, Davie admits upon information and belief.

15.     Answering paragraph 15, Davie denies because Joseph Davie has no liability for the alleged transfer pursuant to the defenses available to Davie and/or Joseph Davie under § 547.

16.     Answering paragraph 16, Davie admits upon information and belief.

17.     Answering paragraph 17, Davie denies because the "Debtor" is defined in the Complaint as Mallinckrodt PLC but the alleged payor shown on Exhibit A is "INO Therapeutics LLC" (hereinafter "INO"). Davie further denies Joseph Davie issued any invoices to INO, the Debtor, or anyone else, and denies Joseph Davie received any money from INO.

18.     Answering paragraph 18, Davie denies.

19.     Answering paragraph 19, Davie denies Joseph Davie received $207,312.42 from the Debtor or INO during the "Preference Period" as defined in paragraph 16.

20.     Answering paragraph 20, Davie lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and therefore denies same.

21.     Answering paragraph 21, Davie admits that the nature of this action is a preference recovery action but denies Joseph Davie has any liability to the Plaintiff.

22.     Answering paragraph 22, Davie lacks knowledge or information sufficient to form a belief about the truth of the "Trustee's due diligence" and therefore denies same. Further answering paragraph 22, Davie admits the existence of the demand letter, affirmatively asserts that the letter speaks for itself, and denies any allegations that are inconsistent with the letter.

23.     Answering paragraph 23, Davie denies that the Trustee evaluated the "reasonably knowable affirmative defenses" prior to filing this action. Further answering paragraph 23, Davie denies that the "Transfers" are not excepted from avoidance and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained therein, and therefore denies same.

24.     Answering paragraph 24, Davie affirmatively asserts that Plaintiff has failed to comply with FRCP 8. Further answering paragraph 24, there are no allegations of fact contained therein that compel a responsive pleading from Davie, but to the extent that such a response is required, Davie denies.

25.    Answering paragraph 25, Davie incorporates her prior responses to paragraphs 1-24.

26.    Answering paragraph 26, Davie denies Joseph Davie received any payments from Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

27.    Answering paragraph 27, Davie denies Joseph Davie received any payments from Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

28.    Answering paragraph 28, Davie denies that Joseph Davie was a creditor of Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

29.    Answering paragraph 29, Davie denies that Joseph Davie was a creditor of Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period.

30.    Answering paragraph 30, Davie denies that Joseph Davie was a creditor of Mallinckrodt PLC (the "Debtor" herein) or INO during the Preference Period and lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to "underlying transaction documents" and therefore denies same.

31.    Answering paragraph 31, Davie lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and therefore denies same.

32.    Answering paragraph 32, Davie denies.

33.    Answering paragraph 33, Davie denies.

34.    Answering paragraph 34, Davie admits, but denies that Joseph Davie is

obligated to Plaintiff.

35.     Answering paragraph 35, Davie denies.

36.     Answering paragraph 36, Davie incorporates her prior responses to paragraphs 1-35.

37.     Answering paragraph 37, Davie denies.

38.     Answering paragraph 38, Davie denies.

39.     Answering paragraph 39, Davie denies.

40.     Answering paragraph 40, Davie incorporates her prior responses to paragraphs 1-39.

41.     Answering paragraph 41, Davie denies.

42.     Answering paragraph 42, Davie admits that Joseph Davie has not paid the equivalent of the amounts referenced in the Complaint but denies liability to pay said amounts.

43.     Answering paragraph 43, Davie asserts that this is a legal conclusion to which no responsive pleading is required. To the extent a pleading is required, Davie denies.

44.     Answering paragraph 44, Davie asserts that this is a legal conclusion to which no responsive pleading is required. To the extent a pleading is required, Davie denies.

45.     Answering paragraph 45, Davie asserts that there are no allegations of fact contained therein that compel a responsive pleading from Davie, but to the extent that such a response is required, Davie denies.

**<u>Affirmative Defenses</u>**

As and for her affirmative defenses to the Complaint, and without assuming any burden of proof where the law does not impose the burden upon her, Janet Davie asserts that:

1.     The Complaint fails to state a claim upon which relief can be granted against Davie.

2.     Plaintiff has failed to name a proper party and/or one or more necessary parties because Joseph Davie died prior to the commencement of this action.

3.     Plaintiff's claims may be barred by the applicable statute of limitations.

4.     The Plaintiff failed to perform pre-litigation, reasonable due diligence regarding the circumstances of the case, and failed to take into account Joseph Davie's known or reasonably knowable affirmative defenses as required by § 547(b).

5.     Joseph Davie never received any money from INO Therapeutics LLC as depicted on Exhibit A to the Complaint.

6.     Any transfer made to Joseph Davie by any debtor during the Preference Period whose case is jointly administered in *In re Mallinckrodt plc, et al.*, 20-12522-jtd is not avoidable under 11 U.S.C. § 547(c)(2) because the transfer(s) was made in the ordinary course business between Davie and the payor, or made according to ordinary business terms.

7.     Any transfer made to Joseph Davie by any debtor during the Preference Period whose case is jointly administered in *In re Mallinckrodt plc, et al.*, 20-12522-jtd is not avoidable under 11 U.S.C. § 547(c)(1) because the transfer(s) was intended by the

payor to reflect a contemporaneous exchange for new value given, and the transfer(s) was, in fact, substantially contemporaneous exchanges.

8.      Any transfer made to Joseph Davie by any debtor during the Preference Period whose case is jointly administered in *In re Mallinckrodt plc, et al.*, 20-12522-jtd is not avoidable under 11 U.S.C. § 547(c)(4) because Davie subsequently conferred new value to the Plaintiff after receipt of the transfer(s).

9.      The Plaintiff's Second Claim for Relief relating to 11 U.S.C. § 550 only contains hypotheticals and lacks any actual or specific allegations of fact that could give rise to liability.

10.     In the event that Davie has any liability to Plaintiff, which is denied, Davie is entitled to an offset against Plaintiff's claim in the full amount of all outstanding obligations owed to Davie, including, but not limited to, payment of administrative costs and expenses.

11.     The Complaint is barred, in whole or in part, by one or more of the following doctrines: laches, unclean hands, and/or waiver.

12.     The Complaint is barred, in whole or in part, because Plaintiff is equitably estopped from seeking the relief it seeks against Davie in this action.

13.     Davie reserves the right amend these defenses, including adding defenses, as discovery continues or otherwise as such defenses become known.

WHEREFORE, F. Michael Davie respectfully requests the following relief:

A.      Dismissal of the Complaint;

B.      An award of her reasonable and necessary attorneys' fees and expenses;

and

    C.    Such other and further relief as this Court may deem just and proper.


DATED this 3rd day of November, 2022.

        WHITEFORD, TAYLOR & PRESTON LLC

        /s/ *Richard W. Riley*
        Richard W. Riley (No. 4052)
        Stephen B. Gerald (No. 5857)
        600 N. King Street, Suite 300
        Wilmington, Delaware 19801
        Telephone: (302) 353-4144
        Facsimile: (302) 661-7950
        Email: rriley@wtplaw.com
        sgerald@wtplaw.com

        -and-

        MICHAEL BEST & FRIEDRICH LLP
        Christopher J. Schreiber
        Justin M. Mertz
        790 N. Water Street, Suite 2500
        Milwaukee, Wisconsin 53202
        Telephone: (414) 271-6560
        Facsimile: (414) 277-0656
        cjschreiber@michaelbest.com
        jmmertz@michaelbest.com

        *Counsel for Janet Davie*